**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAMON MARK LEWIS, #1297035,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:08-CV-1753-P |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

| | | |
|---|---|---|
| **DAMON MARK LEWIS, #1297035,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:08-CV-1756-P |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, Cause No. 3:08cv1753-P has been referred to the United States Magistrate Judge. By order dated May 28, 2009, the District Court referred Cause No. 3:08cv1756-P for the limited purpose of addressing the statute of limitations. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

　　Type of Case: These are *pro se* petitions for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Damon Mark Lewis ("Lewis") is presently incarcerated at the Price Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Snyder, Texas. Respondent is the Director of TDCJ-CID.

Statement of Case: On December 22, 2004, Lewis pled guilty to the felony offense of making a securities false statement and punishment was assessed at twenty-five years imprisonment. *State v. Lewis*, No. F04-01190-LU (291st Jud. Dist. Ct., Dallas County, Texas). On February 3, 2005, he pled guilty to making securities false statements in three additional felony cases and punishment was assessed at twenty years imprisonment. *State v. Lewis*, Nos. F04-01187-LU, F04-01188-LU, and F04-01189-LU (291st Jud. Dist. Ct., Dallas County, Texas). Lewis did not appeal in any of his cases. On August 31, 2007, he filed state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court on April 9, 2008. *Ex parte Lewis*, No. 69,404-04, and Nos. 69,409-01 through -03.

Thereafter, Lewis filed the federal petitions at issue.[1] In No. 3:08cv1753-P, he alleged (1) denial of counsel at a critical stage, (2) erroneous denial of counsel of choice, (3) void judgment of conviction due to actual and/or constructive denial of counsel at guilty plea proceeding, (4) double jeopardy due to prior conviction for lesser included offense, (5) ineffective assistance of counsel due to conflict of interest, and (6) unknowing and involuntary guilty plea. (Amd. Pet. at ¶ 20).

---

[1] For purposes of this recommendation, the petitions are deemed filed on September 22, 2008, the date Lewis certifies placing them in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

2

In No. 3:08cv1756-P, Lewis raised some of the same grounds for relief. He alleged (1) denial of counsel at a critical stage, (2) erroneous denial of counsel of choice, (3) no evidence of an essential element of the charged offense, (4) double jeopardy due to multiple convictions for securities fraud, (5) ineffective assistance of counsel due to "self-interest conflict," and (6) unknowing and involuntary guilty pleas.[2]

During the initial screening of No. 3:08cv1753-P, the court raised the affirmative defense of the statute of limitations *sua sponte*. After the filing of Petitioner's response on December 10, 2008 (hereinafter referred to and cited as "Pet's Response"), the court issued a show cause order limited to the limitations defense. Presently at issue are Respondent's motion dismiss on limitations grounds, and Petitioner's reply.

In No. 3:08cv1756-P, the court directed Respondent to file a preliminary response limited to the statute of limitations defense. On December 15, 2008, Respondent filed a response, confirming his position that the petition was time barred. On January 9, 2009, Lewis filed a response identical to the one filed in No. 3:08cv1753-P, opposing Respondent's position.

<u>Findings and Conclusions:</u> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

---

[2] Contemporaneous with the filing of the petitions at issue, Petitioner filed two other federal petitions. *See Lewis v. Quarterman*, Nos. 3:08cv1755-P and 3:08cv1757-B (pending review of Lewis's objections to Magistrate Judge Ramirez's findings and conclusions recommending dismissal on limitations grounds).
    In No. 3:08cv1755-P, Petitioner challenged his December 22, 2004 guilty plea conviction in No. F04-00848-HU in which he was represented by David Finn, the same trial attorney who represented Petitioner in No. F04-01190-LU (the conviction at issue in No. 3:08cv1753-P). In No. 3:08cv1757-B, Petitioner challenged his February 3, 2005 guilty plea conviction in No. F04-001184-LU, in which he was represented by Jim Burnham, the same attorney who represented Petitioner in Nos. F04-01187-LU, F04-01188-LU, and F04-01189-LU (the convictions at issue in No. 3:08cv1756-P).

corpus relief. *See* 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Lewis concedes his federal petitions are untimely under § 2244(d)(1)(A). Since he did not appeal, his convictions became final on January 21, 2005, and March 5, 2005, respectively, thirty days after the judgments were entered. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period ran from January 22, 2005, until January 21, 2006, for the conviction in No. 3:08cv1753-P, and from March 6, 2005, until March 5, 2006, for the convictions in No. 3:08cv1756-P. Because those dates fell on a Saturday and Sunday, the federal filing deadline was extended to the following Monday, January 23, 2006, and March 6, 2006, respectively. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)). Petitioner's state habeas applications filed on August 31, 2007 – long after the one-year deadlines – did not toll either limitations period under 28 U.S.C. § 2244(d)(2). *See Scott*, 227 F.3d at 263. Moreover, Lewis did not file his federal petitions until September 22, 2008, nineteen and fifteen months, respectively, after the running

of the statute of limitations. Therefore, his petitions are clearly time barred absent application of subsections (B) or (D), and/or equitable tolling.[3]

B.   28 U.S.C. § 2244(d)(1)(B)

Invoking the holding in *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), Lewis claims that State action prevented him from timely filing his § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1)(B). The claimed state-created impediment is the inadequacy of the prison law library at the Lindsey State Jail where he was incarcerated from May 25, 2005, until April 23, 2007.

Lewis was incarcerated at the Lindsey State Jail as a result of prison overcrowding. The Lindsey State Jail, a private prison, which primarily housed inmates serving State jail sentences of two years or less, had a very limited law library. (Pet's Response at 4; Respondent's Mot. to Dism. at 7). Nonetheless, in accordance with TDCJ regulations, the library was required to maintain at least the Federal Civil Judicial Procedure and Rules (hereinafter referred to as "Federal Civil Rules") and the Federal Criminal Code and Rules, which Lewis alleges were unavailable through-out his confinement there. (Pet's Response at 4-5).[4] As a result of the inadequate law library, Lewis claims to have been unaware of the existence of the AEDPA and

---

[3]   Petitioner does not rely on subsection (C).

[4]   With his response, Respondent Quarterman includes the declaration of Michael J. Mokosaik, a Receivable Recovery Manager for Thomson West, showing that the Lindsey State Jail paid for a subscription to and was sent these law books between March 2005 and April 2008. (Respondent's Mot. to Dismiss at Exh. A). The declaration of Patricia Nowakowski, the Law Library Supervisor for the Lindsey State Jail, also shows that these law books were maintained in the library and updated when a new volume was received from Thomson West. However, for purposes of this recommendation, Petitioner's statements are presumed correct.
    Petitioner correctly notes that the court-approved form for filing a federal habeas petition pursuant to 28 U.S.C. § 2254, available at TDCJ Units law libraries, does not make any reference to the one-year statute of limitations set out in 28 U.S.C. § 2244(d).

5

the one-year limitations period until after being transferred on May 1, 2007, to the Price Daniel Unit, his permanent unit of assignment.

It is not surprising that State inmates whose § 2254 petitions are filed long after the one-year limitations period has expired seek to excuse their tardiness by relying on *Egerton*. However, the facts which supported the Court's application of § 2244(d)(1)(B) in *Egerton* are readily distinguishable from those on which Lewis relies.

Egerton was convicted in February 1996, two months *before* the enactment of the AEDPA. *Egerton v. Cockrell*, 343 F.3d 433, 434. He was incarcerated at the Choice Moore Unit of TDCJ-CID from May 1996 until May 1998, during the two-year period immediately following the enactment of the AEDPA. *Id.* at 434-35. During that time period, the Choice Moore Unit law library did not have a copy of the AEDPA, which left Egerton with no actual knowledge of the AEDPA before the expiration of the one-year limitations period. *Id.* at 36-30. The Fifth Circuit Court of Appeals concluded that "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render Egerton's petition time barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)." *Id.* at 438-39.

Prior to *Egerton,* the Fifth Circuit had held that mere ignorance of the law or of filing deadlines and the lack of access to an adequate law library were not "rare and exceptional circumstances" justifying equitable tolling. *See e.g. Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); and *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). However, in *Egerton*, the Court distinguished these cases on several grounds, not the least of which was the fact that the State failed to make

available to a prisoner the AEDPA, "including the newly imposed statute of limitations." *Egerton*, 334 F.3d at 438.

In contrast, Lewis's convictions were imposed more than eight years *after* the effective date of the AEDPA. Like all individuals convicted after the enactment of the AEDPA, Lewis had unfettered access to legal materials, including the AEDPA, for several years prior to his incarceration as well as access to counsel during State pre-trial and trial proceedings. Thus, he cannot show that his circumstances are analogous to the *Egerton* case, which involved an inmate whose incarceration began prior to the enactment and effective date of the one-year time limit for seeking federal habeas corpus relief, and whose only available source from which he could have learned such information was the prison law library which was concededly inadequate.

In addition, from his vantage point as a prison library clerk, Lewis stands on a totally different footing than Egerton. (Pet's Response at 7). He admits to have worked at the Lindsey Unit law library and having direct access to the legal materials available there. (*Id.*). In contrast, during the period of time within which Egerton could have filed a timely § 2254 petition, he was repeatedly denied access to a law library and/or federal legal materials. *Egerton*, 334 F.3d at 435. Moreover, Lewis was not only specifically aware that the Federal Civil Rules were missing from the Lindsey Unit law library, but he also received from his wife, sometimes after May 2005, a copy of the Rules Governing Section 2254 Cases in the U.S. District Court. (Pet's Response at 10). Lewis states that after asking his wife "to 'Google' the rules of habeas corpus," he "was excited to receive a printed document identifying itself as "Rules Governing Section 2254 Cases in the United States District Courts – 28, U.S.C. fol. § 2254.'" (*Id.*). He also states that "[w]hile clearly focused on the specific sections of code identified on the habeas form, there was, to Lewis's relief, no statute of limitations 'rule' for federal habeas either." (*Id.*).

Since Lewis asked his wife "to 'Google' the rules of habeas corpus" sometimes in mid to late 2005, he would have received a copy of the restyled Rules Governing § 2254 proceedings ("§ 2254 Rules"), effective December 1, 2004.[5]  Contrary to his assertion, the restyled Rules contained specific reference to the AEDPA and the one-year limitations period.  Revised Rule 3(c) provides that "[t]he time for filing a [§ 2254] petition is governed by 28 U.S.C. § 2244(d)."  The Committee Note, following revised Rule 3, makes reference to the AEDPA and the one-year limitations period.  It explains that "Rule 3(c) . . . is new and has been added to put petitioners on notice that a one-year statute of limitations applies to petitions filed under these Rules."  *See* also Committee Note following revised Rules 2 and 9, making reference to the AEDPA one-year period.  The habeas form in the appendix to the revised § 2254 Rules also makes specific reference to § 2244(d).  In particular, paragraph 18 reads as follows: "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (Emphasis in original).  The form also includes the full text of § 2244(d)(1) and (2) immediately following paragraph 18.

Further, given the *assumed* fact that the Lindsey State Jail library did not contain a copy of the Federal Civil Rules, Lewis could have requested further reference materials or copies of statutes from TDCJ Access to Courts as noted in the affidavit of the law library supervisor, Patricia Nowakowski.  (*See* Respondent's Mot. to Dismiss at Exh. B).

Accordingly, Lewis's circumstances are clearly distinguishable from *Egerton*.  The District Court should find no basis for a state-created impediment under § 2244(d)(1)(B).

---

[5]     On April 26, 2004, Congress adopted amendments to the § 2254 Rules, which became effective on December 1, 2004.

B.     28 U.S.C. § 2244(d)(1)(D)

In the alternative, Lewis relies on § 2244(d)(1)(D) to argue that the factual predicate of three of his ineffective assistance of counsel claims could not have been discovered through the exercise of due diligence before January 2007, when he allegedly first learned that his trial attorney's motion to withdraw had been denied *with* a written order.  (Pet's Dec. 10, 2008 Resp. at 19-37).  Lewis also relies on § 2241(d)(1)(B) to raise a related State created impediment "to the meaningful presentation of an actionable claim" under subparagraph (D).  (*Id.* at 19).

Lewis's arguments, which he refers to as the "magic cause theory," are fantastically, convoluted and difficult to comprehend.  Nevertheless, in light of his *pro se* status, the court has tried its best to understand the basis for Lewis's § 2244(d)(1)(D) claim.

In 2002, Lewis was indicted for misapplication of fiduciary property with respect to Fisher, a former client of his failed investment firm.  *See State v. Lewis*, Cause No. F02-83332. He was also indicted  for making a securities false statement with respect to Ray, Davies, Maycock and Law-Smith, also former clients of his failed firm.  *See State v. Lewis*, Cause No. F02-02045.  Following the retainer of attorney David Finn (who was paid for by Lewis's mother), the prosecutor moved to dismiss No. F02-83332 and re-indicted Lewis in Nos. F04-00848 and F04-00847 – for misapplication of fiduciary property and making false statements to obtain credit or property.  Cause Nos. F02-02045, F04-00848 and F04-00847 were then set for trial on September 7, 2004.

On August 11, 2004, the prosecutor announced that No. F02-02045 would also be dismissed, and that in the place of the original 2002 cases, fifteen new cases would be filed, Cause Nos. F04-01180 through F04-01194.  (*See* Pet's Response at 21-22).  The fifteen new cases consisted of four identical indictments which charged securities false statements with

9

respect to Ray, Davies, Maycock, and Law-Smith; one indictment which charged securities false statements with respect to Fisher; four indictments which charged misapplication of fiduciary property as to Ray, Davies, Maycock and Law-Smith; five indictments which charged theft by deception with respect to Fischer, Ray, Davies, Maycock, and Law Smith; and one indictment which charged false statement with respect to Davies.  (*Id.*).

Subsequently, a dispute arose as to whether Finn would represent Lewis on all seventeen cases, although he had been retained for only the initial 2002 cases.  (*Id.* at 22).  Ultimately Finn filed a motion to withdraw in the 2002 cases on August 18, 2004.  (*Id.* at 23).  The next day, Finn advised Lewis by e-mail that he had spoken with the trial judge who had ordered him to represent Lewis in only two of the three Fisher cases, Nos. F04-01185 and F04-00848.  (*Id.*).  Allegedly, however, Finn failed to advise Lewis that on August 19, 2004, the trial judge had denied by written order the motion to withdraw in the 2002 cases, which Lewis allegedly did not discover until January 2007 when reviewing the file for No. F04-00847.  (*Id.* at 26).

In support of his 2244(d)(1)(D) argument, Lewis relies solely on the January 2007 discovery of the August 19, 2004 order denying Finn's motion to withdraw in the 2002 cases. (Pet's Response at 26).  He alleges that "[t]he moment that this document was discovered the theoretical existence of the actionable factual predicate of the denial of counsel at a critical stage; ineffectiveness of counsel due to a self-interest conflict; and the involuntary plea of guilty was ossified."  (*Id.* at 26).  According to Lewis, "[t]he events of August 19, 2004, occurred at a venue unknown, with no court reporter, and most certainly without counsel defending Lewis's rights as they related to the seventeen-cause prosecution," thus qualifying as a "'critical stage' at which Lewis was denied counsel."  (*Id.* at 30).  Lewis explains that "[t]he written denial of the

10

motion to withdraw is . . . the factual predicate to the allegation of denial of counsel at a critical stage . . . ." alleged in his first three grounds for relief.  (*Id.*).

Lewis's reliance on § 2244(d)(1)(D) is unpersuasive.  Under subparagraph (D), the limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Flanagan v. Johnson,* 154 F.3d 196, 198-99 (5th Cir. 1998).  The August 19, 2004 order does not form the factual predicate for his claims.  As of August 19, 2004, Lewis knew that Finn had met with the trial judge, that the judge had ordered Finn to represent Lewis on only two of the seventeen cases, and that Lewis would have to retain new counsel for the remaining cases, which he immediately proceeded to do.  Learning of the written order of denial more than two years later adds nothing of value to this claim.  Nor does it create the factual basis for any new claim.

Even assuming Lewis could raise an arguable claim under § 2244(d)(1)(D), his claims of denial of counsel at a critical stage are time barred.  Under subparagraph (D), the one year limitations period began to run at the latest on February 1, 2007.  As of the filing of the art. 11.07 application on August 31, 2007, 211 days of the one-year period had elapsed.  The limitations period was tolled during the pendency of the state habeas application, and resumed running on April 10, 2008.  The one-year period expired 154 days later, on September 11, 2008, eleven days before Petitioner is deemed to have filed his federal petition.

Accordingly, the District Court should find no basis for applying § 2244(d)(1)(D).

C.      Equitable Tolling

Equitable tolling is appropriate "only in rare and exceptional circumstance." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."

11

*United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis* , 158 F.3d at 810). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Insofar as Lewis requests equitable tolling on the basis of his *Egerton* claim, he fails to show entitlement to such relief. The Fifth Circuit has determined that an inadequate law library does not generally constitute a "rare and exceptional circumstance" to warrant equitable tolling. *Scott v. Johnson.* 227 F.3d 260, 263 & n. 3; *Felder v. Johnson,* 204 F.3d 168, 171-73 (inadequate law library is not a rare and exceptional circumstance to warrant equitable tolling). *Cf. Egerton v. Cockrell,* 334 F.3d 433, 437 (distinction drawn between statutory tolling under 28 U.S.C. § 2244(d)(1)(B) and equitable tolling). Moreover, it is well settled that ignorance of the law, lack of legal assistance, and proceeding *pro se*, even for an incarcerated prisoner, generally do not excuse a late filing. *Felder,* 204 F.3d at 172; *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 714.

Moreover, in *Egerton,* the prisoner promptly filed his state and then his federal habeas petition within one month of being moved to a facility with a law library which contained a copy of the AEDPA. Lewis, on the other hand, did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He delayed four months, from May 1, 2007, when he first arrived at the Price Daniel Unit, until August 31, 2007, when his wife submitted the art. 11.07 application for filing. After receiving notice of the denial of the state application, Lewis waited an additional five months before filing the federal petition in these cases.

Lewis provides no concrete explanation for the delayed filings.  (Pet's Reply to Mot. to Dism. at 16-17).  He merely asserts that the sheer volume of documents establishes his diligence in filing his art. 11.07 writ within only four months of his transfer to a unit with an adequate law library.  (*Id.* at 16).  With respect to his diligence in filing the federal petitions, he cites the lack of access to Lexis Nexis, a copy of the record, and a photocopier.  (*Id.* at 17).

Contrary to Lewis' assertion, unexplained delays do not make the circumstances of a case extraordinary enough to qualify for equitable tolling.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *see also Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights.").  Respondent correctly notes that waiting five months after the denial of a state habeas petition before submitting the federal petition, does not evidence due diligence, especially when coupled with other unexplained delays in the case.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S. Ct. 1807, 1815 (2005) (petitioner was not entitled to equitable tolling because his claims were available for several years before he filed his state petition, and he waited an additional five months after his state petition was rejected before presenting the same exhausted claims in a federal habeas petition); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (trial court's alleged error in setting the return date on defendant's application for a supervisory writ did not warrant equitable tolling since defendant, who waited more than four months to file his federal habeas petition after the denial of his application for a supervisory writ, did not expediently file his federal habeas petition); *see also Baker v. Cain*, 2008 WL 3243993, *3 (5th Cir. Aug. 7, 2008) (citing *Melancon*) (unpublished per curiam) (petitioner was not entitled to equitable tolling because he delayed filing an out-of-time appeal as soon as possible, or at least within the requisite thirty-day period, and waited an additional four months before filing a federal petition after the Louisiana Supreme Court denied relief).

13

The party seeking equitable tolling bears the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court find that Lewis's petitions in Nos. 3:08cv1753-P and 3:08cv1756-P are time barred, and that they should be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

It is further recommended that Petitioner's motions for leave to conduct discovery be DENIED as moot. (Doc. #15 in both Nos. 3:08cv1753-P and 3:08cv1756-P).

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 4th day of June, 2009.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.